UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL BROWN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:19-cv-00454 |
| | ) | (Crim. No. 3:11-cr-00012-12) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael Brown, proceeding pro se, has filed a "Motion to Vacate and Resentence Petitioner in Accordance with the First Step Act of 2018" (Doc. No. 1) requesting the Court to vacate his 180-month sentence for conspiring to distribute crack cocaine and being a felon in possession "and to re-sentence [him] in accordance with the applicable guidelines currently in force." (Id. at 14.) The Government has filed a response in opposition (Doc. No. 22), to which Brown replied (Doc. No. 27). Brown also filed various letters and supplemental briefs that the Court has considered. (See Doc. Nos. 9, 10, 12, 21.) For the following reasons, Brown's motion will be denied.

**I.    BACKGROUND**

    A.    Factual Overview

On August 9, 2012, Brown pled guilty to Count One of the Indictment in Case No. 3:11-cr-12-12,[1] charging him with conspiring to distribute 500 grams or more of cocaine, and 280 grams or more of crack cocaine, all in violation of 21 U.S.C. § 846. (Case No. 3:11-cr-12-12, Doc. No. 1139.) On that same date, Brown also pled guilty to the single-count Information in Case No. 3:12-

---

[1] For ease of citation, the Court has removed extraneous zeros from Brown's criminal case numbers.

cr-166, charging him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Case No. 3:12-cr-166, Doc. No. 10.) The parties entered into a plea agreement governed, in relevant part, by Federal Rule of Criminal Procedure 11(c)(1)(C) that covered both of these charges. (Case No. 3:11-cr-12-12, Doc. No. 1139 at 8–28.)

In his plea agreement, Brown acknowledged that he conspired to distribute 280 grams or more of crack cocaine and agreed that he qualified as an Armed Career Criminal under U.S.S.G. §4B1.4 and 18 U.S.C. § 924(e) based on three previous felony drug trafficking convictions, and therefore was subject to a mandatory-minimum 180-month sentence for the felon-in-possession charge. (Id. at 8–9, 23.) The plea agreement further provided that if the Court accepted the parties' recommendation for a 180-month sentence, Brown "knowingly waive[d] the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." (Id. at 26.)

On August 9, 2012, the Honorable Thomas A. Wiseman, Jr. accepted the parties' plea agreement and imposed concurrent sentences of 180 months of imprisonment in Case Nos. 3:11-cr-12-12 and 3:12-cr-166. (See Case No. 3:11-cr-12-12, Doc. Nos. 1139, 1140.) In arriving at that sentence, Judge Wiseman noted that the United States Sentencing Guidelines' calculations "are moot because the Court imposed the agreed imprisonment sentence of 180 months." (Case No. 3:11-cr-12-12, Doc. No. 1141 at 4.)

B. Procedural Clarification

Before ruling on the merits of Brown's motion for a sentence reduction, the Court finds it important to address the procedural confusion in this case. Contrary to what some of the previous filings may have suggested, this is not a civil case and should have never been docketed as such. Perhaps because Brown (again, proceeding pro se) captioned his motion as a "Motion to Vacate," the Clerk inadvertently docketed his motion in this separate civil matter instead of in his underlying

2

criminal case. And this unintentional docketing error originally led the Court to issue a <u>Castro v. United States</u>, 540 U.S. 375, 382 (2003) warning that it would construe Brown's motion as a post-conviction motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (<u>See</u> Doc. Nos. 6, 8, 11.) However, Brown since objected to the Court's attempt to "recharacterize" his motion as a request for relief under § 2255 (<u>see</u> Doc. No. 9), and the Court agreed to "proceed with the understanding that [Brown] requests relief only under the First Step Act of 2018." (Doc. No. 11 at 1.)

Based on Brown's clarification, there is now no question that his pending post-conviction motion for a sentence reduction under the First Step Act is a *criminal* motion, not a civil one, and should be docketed in his underlying criminal case, Case No. 3:11-cr-12-12. "This is because authorization for resentencing under the First Step Act comes from 18 U.S.C. § 3582(c)(1)." <u>United States v. Boulding</u>, 960 F.3d 774, 782 (6th Cir. 2020). And "a § 3582 motion is not a civil post-conviction action, but rather a continuation of a criminal case." <u>United States v. Brown</u>, 817 F.3d 486, 488 (6th Cir. 2016) (citation and internal quotation marks omitted); <u>see also</u> <u>United States v. McCalister</u>, 601 F.3d 1086, 1087 (10th Cir. 2010) ("the resolution of an 18 U.S.C. § 3582(c) motion for reduction of sentence cannot be challenged under the Federal Rules of Civil Procedure because a § 3582(c) motion is a criminal proceeding"). Unfortunately, neither party addressed this civil-criminal issue at the district court level,[2] and both the Court and the litigants have been operating as if this were a civil case. But to protect any appellate rights Brown may have, the Court clarifies and emphasizes that Brown's pending motion is a criminal motion for a sentence reduction, not a motion under § 2255.

---

[2] <u>But see</u> <u>Michael Brown v. United States</u>, Case No. 20-5504 (6th Cir.), Doc. No. 14 at 1, 7–8 (Government arguing on appeal that Brown's motion "likely should have" been "construed as a motion in his criminal case under 18 U.S.C. § 3582(c)(1)").

3

Case 3:19-cv-00454   Document 28   Filed 11/23/20   Page 3 of 8 PageID #: 141

But as the Court will explain more fully below, the end result is the same whether Brown's motion was erroneously docketed as a § 2255 motion or had been correctly docketed as a criminal motion: Brown is not entitled to a sentence reduction under the First Step Act.

## II. THE FIRST STEP ACT OF 2018

Congress enacted the Fair Sentencing Act of 2010, Pub. Law 111-220, 124 Stat. 2372 ("Fair Sentencing Act") to "lessen the sentencing disparity between cocaine offenses and those involving crack cocaine." Boulding, 960 F.3d at 777 (citations omitted). Relevant here, Section 2 of the Fair Sentencing Act increased the threshold quantity of crack cocaine needed to trigger 21 U.S.C. § 841(b)(1)(A)'s 10-year mandatory minimum from 50 to 280 grams. Id.; see also Dorsey v. United States, 567 U.S. 260, 269 (2012). However, the Fair Sentencing Act did not apply retroactively to any defendant sentenced before August 3, 2010. Id. (citations omitted).

Congress later passed the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), which made retroactive the Fair Sentencing Act's statutory changes for crack cocaine sentences. Boulding, 960 F.3d at 777. "Specifically, Section 404 of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive for defendants who were sentenced before August 3, 2010," id., and provided as follows:

> **SEC. 404. APPLICATION OF FAIR SENTENCING ACT.**
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in

4

accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

Section 401 of the First Step Act also reduced and restricted certain recidivism provisions of the Controlled Substances Act, including 21 U.S.C. § 841(b)(1)(A), which previously subjected defendants to a 20-year mandatory minimum sentence for certain federal drug crimes if they were previously convicted of a "felony drug offense." Pub. L. No. 115-391, § 401(a)(2)(A)(i). Section 401 instead subjects defendants to a 15-year mandatory minimum sentence if they were previously convicted of either a "*serious* violent felony" or a "*serious* drug felony," which is defined as an offense described in 18 U.S.C. § 924(e)(2) for which (1) the defendant "served a term of imprisonment of more than 12 months" and (2) his "release from any term of imprisonment was within 15 years of the commencement of the instant offense." Id. §§ 401(a)(1), (a)(2)(A)(i). But unlike Section 404, Section 401 does not apply retroactively. United States v. Wiseman, 932 F.3d 411, 417 (6th Cir. 2019); United States v. Norman, 398 F. Supp. 3d 191, 200 n.7 (W.D. Mich. 2019) ("The most natural reading of Section 401 of the First Step Act, however, is that it is not retroactive.").

## III. BROWN'S MOTION

Brown's pending motion requests the Court to vacate his 180-month sentence in Case No. 3:11-cr-12-12[3] and resentence him under the First Step Act because (1) Section 404 makes him eligible for resentencing under the Fair Sentencing Act, and (2) Section 401 removes his status as

---

[3] Brown also moved for a similar sentence reduction in Case No. 3:12-cr-166, but he has since withdrawn that motion and admitted that he "will not qualify for a reduction in [that case] as it is not a drug case." (See Case No. 3:12-cr-166, Doc. Nos. 14, 18, 19.)

5

an Armed Career Criminal. (Doc. No. 1 at 2–5.) Brown has also taken slightly bolder positions in his filings and letters submitted to the Court, such as that: (1) a favorable ruling "could very likely result in an immediate release from [his] term of imprisonment," (Doc. No. 4 at 1); (2) he "is currently imprisoned for conduct which the law no longer considers criminal," (Doc. No. 9 at 2); (3) "Section 401 of the First Step Act represents an intervening change in law which has destroyed the factual basis supporting Brown's plea agreement, conviction and sentence" (Doc. No. 21 at 2–3); and (4) his "petition must be granted and his immediate release ordered by this Court" (id. at 4). In making these arguments, however, Brown misconstrues both the application and the scope of the First Step Act.

For example, Brown contends that Section 404 of the First Step Act applies to his sentence because he *committed* some of his offenses before August 3, 2010. (Doc. No. 21 at 1–2.) But Supreme Court, Sixth Circuit, and Middle District of Tennessee case law make clear that Brown is ineligible for a sentence reduction under Section 404 because he was *sentenced* in August 2012, which was more than two years after the Fair Sentencing Act took effect. See Dorsey, 567 U.S. at 280 (holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders"); Downs v. United States, 879 F.3d 688, 689–90 (6th Cir. 2018) (noting that Fair Sentencing Act applied to defendants sentenced after August 3, 2010); United States v. Moody, No. 3:09-cr-00240-21, 2020 WL 3799866, at *5 (M.D. Tenn. July 7, 2020) (finding "as a matter of law that the defendant is not eligible for relief under the First Step Act, because the 2018 Act did not have the effect of changing the penalties that were in effect at the time he was sentenced in 2014"). Moreover, Brown unambiguously and knowingly waived his right to seek a sentence reduction under 18 U.S.C. § 3582(c) *after* the Fair Sentencing Act was enacted. (Case No. 3:11-cr-12-12, Doc. No. 1139 at 26.)

But even if Brown had been sentenced before August 3, 2010 and Section 404 of the First Step Act applied here, a retroactive application of the Fair Sentencing Act would not have changed his sentence because he was convicted of conspiring to distribute 280 grams or more of crack cocaine. Although the Fair Sentencing Act increased the amount of crack needed to trigger the relevant 10-year mandatory *minimum* from 50 grams to 280 grams, it did not change the statutory penalties applicable to defendants who, like Brown, were responsible for more than 280 grams of crack cocaine. See Boulding, 960 F.3d at 778–79 n.1 ("[I]f the record as a whole reflects that a defendant was responsible for more than 280 grams of crack cocaine, [he] would be ineligible for a reduced sentence under the First Step Act."). Thus, Brown is not entitled to any relief under Section 404 of the First Step Act.

Brown's arguments regarding Section 401 fare no better. As an initial matter, Section 401 does not retroactively apply to defendants who, like Brown, were sentenced before the Fair Sentencing Act took effect on December 21, 2018. See Wiseman, 932 F.3d at 417; Norman, 398 F. Supp. at 200 n.7. But even if Section 401 did apply retroactively, Brown is incorrect that it would have any effect on his Armed Career Criminal status under 18 U.S.C. § 924(e). (See Doc. No. 27 at 5.) Indeed, as several courts have held, Section 401 amended the Controlled Substance Act's definition of a "serious drug felony" but did not alter the Armed Career Criminal Act's definition of "serious drug offense" under 18 U.S.C. § 924(e)(2)(A). See United States v. Smith, 798 F. App'x 473, 476 (11th Cir. 2020); United States v. Smith, 803 F. App'x 973, 974 (8th Cir. 2020); United States v. Edwards, 767 F. App'x 546 (Mem) (4th Cir. 2020); Poliard v. United States, No. 19-21788-CIV-MORENO, 2020 WL 3602269, at *4 (S.D. Fla. July 2, 2020), appeal docketed, No. 20-13076 (11th Cir. Aug. 14, 2020); United States v. Wilson, No. 1:17-CR-60, 2019 WL 6606340, at *7 (W.D. Mich. Dec. 5, 2019). Because Brown agreed that he was subject to a

7

15-year mandatory minimum sentence and qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), (Case No. 3:11-cr-12-12, Doc. No. 1139 at 9), Section 401 does not affect his sentence.

In sum, Brown's reliance on Sections 404 and 401 of the First Step Act is misplaced, and neither section serves as a vehicle for the Court to reduce Brown's agreed-upon sentence of 180 months.[4]

## IV. CONCLUSION

For the foregoing reasons, Brown's "Motion to Vacate and Resentence Petitioner in Accordance with the First Step Act of 2018" (Doc. No. 1) is **DENIED**.

The Clerk shall file a copy of this Order in Brown's underlying criminal case (Case No. 3:11-cr-12-12), and any future documents relating to this Order shall also be filed in that case. Because this Order may affect Brown's pending appeal of the Court's denial of his Motion for Bail Pending Initial Determination of Habeas Corpus Petition (see Doc. No. 15), the Clerk shall also file a copy of this Order with the United States Court of Appeals for the Sixth Circuit in Case No. 20-5504.

Given the nature of Brown's arguments, the Court certifies that any appeal from this Order would be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court also notes that Brown received concurrent 180-month sentences in *both* Case Nos. 3:11-cr-12-12 and 3:12-cr-166, but he has moved for a sentence reduction only in Case No. 3:11-cr-12-12. Thus, to the extent Brown seeks to appeal this Order, the Sixth Circuit may decline to address his motion under the concurrent-sentence doctrine. See United States v. Hughes, 964 F.2d 536, 541 (6th Cir. 1992).